OPINION OF THE COURT
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, petitioner seeks a judgment declaring the promulgation and enforcement of 8 NYCRR 156.3 (b) void as beyond the jurisdiction of the respondent Commissioner of Education (Commissioner). Said regulation requires termination of employment of a school bus driver upon attaining age 65. Petitioner was an employee of the County School Bus Service, Inc., which provided school bus transportation for the Hauppauge Central School District.
The above facts are not in dispute, and, further, there is no evidence before this court that petitioner’s physical condition is in any manner impaired. The sole justification for his termination as a school bus driver is the attainment of age 65. Petitioner asserts two separate theories as the basis for his request for relief. Initially, he asserts that the Commissioner has no authority to promulgate the challenged regulation. Secondly, he argues that the requirement is arbitrary and capricious in that it violates the provision of the Federal Age Discrimination in Employ *943 ment Act of 1967. (US Code, tit 29, § 621 et seq.) As hereinafter set forth, both arguments are without merit.
Section 3624 of the Education Law mandates that the Commissioner establish and delineate the qualifications of school bus drivers. It is in direct response to this statutory requirement that the challenged regulation was promulgated. This regulation states that “[a]ll drivers of school transportation conveyances shall be at least 21 years of age, but not in excess of 65 years of age.” (8 NYCRR 156.3 [b].)
The Federal Government has enacted the Age Discrimination in Employment Act which makes it unlawful for employers to discriminate on the basis of age against persons under the age of 70. However, this legislation does not preclude regulations such as the one challenged herein “where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business” (US Code, tit 29, § 623, subd [f], par [1]). In this regard, the Commissioner asserts that the mandatory retirement age of 65 for school bus drivers is authorized as a “bona fide occupational qualification” (BFOQ). He has the burden with respect to establishing that his promulgation of 8 NYCRR 156.3 (b) falls within the exception to the Federal mandate.
To qualify as an acceptable BFOQ, the Commissioner must establish that he has reasonable cause to believe that substantially all persons over the age of 65 will be unable to perform the duties required in a safe and efficient manner (Usery v Tamiami Trail Tours, 531 F2d 224). This burden is not inflexible however and may vary, depending on the particulars of the case at hand. Thus, in an instance where a significant threat to the safety of other individuals would be created, the threshold for establishing reasonable cause is substantially lessened. In this regard, the safe transportation of infants to school and school-related activities is a paramount concern. The studies set forth by the Commissioner adequately establish a higher incidence of accident rates by drivers, and in particúlar, school bus drivers, over the age of 65. Thus, the Commissioner has adequately met his burden to establish a reasonable basis *944 for his determination to restrict the operation of school buses to those persons under the age of 65. Accordingly, the petition shall be dismissed.